## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KAYLA BROWN, *et al.*, | ) | Case No. 1:26-cv-367 |
| | ) | |
| Plaintiffs, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| BUTLER COUNTY JUVENILE | ) | |
| COURT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiffs Kayla Brown, Christy Brown, and Jesse Black bring this federal civil rights action, without a lawyer, against the Butler County Juvenile Court.  As an initial matter, Plaintiffs filed an application to proceed *in forma pauperis*.  (ECF No. 2.)  The Court **GRANTS** that application.

## BACKGROUND

Plaintiffs' complaint alleges that Defendant "unlawfully took children away, and they violated our civil rights."  (ECF No. 1, PageID #2.)  It purports to bring suit under 42 U.S.C. § 1983 and under Title VII, 42 U.S.C. § 2000e.  (*Id.*, PageID #1.)  The complaint itself provides no other factual information about Plaintiffs' claims.  (*See generally id.*)  Instead, a series of single-spaced letters attached to the complaint describes Kayla Brown's drug use, the abuse her children allegedly suffered in foster care, and the efforts Ms. Brown has made to maintain sobriety for the last three years.  (*See generally* ECF No. 1-2.)  Further, the letters describe a seven-year odyssey with

the county authorities involving the custody of her children. (*Id.*) And Christy Brown recounts similar stories about the children at issue, who are apparently her grandchildren. (*Id.*)

## ANALYSIS

Federal courts have limited jurisdiction. Unlike State trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts only have authority to decide cases that the Constitution and Congress empower them to resolve. *Id.* Consequently, it is to be presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests with the party attempting to bring the case in federal court. *Kokkonen v. Guardian Life Ins. Co. of Am*erica, 511 U.S. 375, 377 (1994).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff alleges that the Court only has federal question jurisdiction. (ECF No. 1, ¶ 4, PageID #1.) This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint

2

and ignores potential defenses" a defendant may raise.  *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

Although Plaintiff brings an action under 42 U.S.C. §§ 1983 and 2000e alleging violations of her federal civil rights, the Court nonetheless lacks jurisdiction.  Federal courts lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003).  "Rather, state courts have exclusive jurisdiction over these matters."  *Id.*  "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones . . . , federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Id.*

Whatever the merits of Plaintiffs' claims, the core concern of the complaint involves child custody, which is a domestic relations issues over which federal courts lack jurisdiction.  The Court lacks jurisdiction to determine the propriety of child custody.  *See, e.g.*, *Danforth*, 76 F. App'x at 616–17 (affirming application of the domestic relations exception to preclude subject-matter jurisdiction where a plaintiff raised constitutional claims to try "to obtain federal review of domestic relations matters"); *Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *3 (6th Cir. Jan. 10, 2025) (affirming dismissal where plaintiffs "couched their claims" in terms of constitutional violations but "the substance of the claims revolves around [a] state courts' decisions in the domestic-relations proceedings as they relate to [child] custody and [child] visitation rights").

Finally, Plaintiffs' claims under Title VII do not save the complaint.  That statute prohibits invidious discrimination in employment based on race, sex, and certain other listed characteristics.  Nothing in the complaint or the other materials made a part of the pleadings gives any indication this lawsuit has anything to do with employment.

## CONCLUSION

For these reasons, the Court **DISMISSES** Plaintiff's complaint under 28 U.S.C. § 1915(e)(2).  (ECF No.1.)  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated:  February 18, 2026

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4